413 P.2d 471

**NATIONWIDE FINANCE COMPANY OF CHAVES, a corporation, Petitioner-Appellee,**

v.

**STATE of New Mexico BANK EXAMINER, Respondent-Appellant.**

**No. 7779.**

Supreme Court of New Mexico.

April 18, 1966.

Boston E. Witt, Atty. Gen., Howard M. Rosenthal, Sp. Asst. Atty. Gen., Wayne C. Wolf, Asst. Atty. Gen., Santa Fe, for appellant.

Gallagher & Walker, Albuquerque, for appellee.

Iden & Johnson, Richard G. Cooper, J. J. Monroe, Albuquerque, amici curiæ.

MOISE, Justice.

This is an appeal from a judgment of the district court of Santa Fe County reversing the order of respondent examiner, now called "commissioner," denying petitioner, Nationwide Finance Company of Chaves, a license to operate a small loan business in the Monterey Shopping Center in Roswell, New Mexico.

Since this case was tried and argued in this court we have decided S.I.C. Finance-Loans of Menaul, Inc. v. Upton, 75 N.M. 780, 411 P.2d 755, filed January 17, 1966.

In that case we considered the proper scope of review by the district court under § 48–17–52, N.M.S.A.1953. We also discussed at some length the meaning and purpose of the provisions in § 48–17–34(b), N.M.S.A.1953, to the effect that an original license should be issued only upon a finding by the commissioner that the convenience and advantage of the community in which the business is to be conducted will be promoted. We there set forth the material findings by the commissioner, and concluded that they were supported by substantial evidence and furnished a basis for the conclusion that the convenience and advantage of the community would not be promoted by granting the license.

Although the findings here, as well as the basic facts giving rise to them, differ somewhat from those in the S. I. C. Finance-Loans of Menaul case, the general tenor of the proof was the same and, in turn, more than adequately supports the conclusion that as those terms were interpreted by us, the convenience and advantage of the community here in question would not be served.

The material findings here read:

"1. That the presently existing small loan licenses are adequately serving the small loan needs of the community because:

a. The general economy of the area is leveling off since the departure of the missile site construction workers, unemployment claims are up in 1963 over 1962, housing starts are down in 1963 over 1962 with larger numbers of residences available for sale or rent, that of the eighteen small loan licenses presently operating in Roswell, two were not operating on December 31, 1962, and four showed decrease in loans outstanding from 1961 to 1962, and eight showed decreases in loans outstanding from 1962 to 1963, that delinquencies in payments of small loans in the 60–89 day category showed minimal increase and those over 90 days showed a 73% increase from December 1961 to December 1962, that suits and repossessions thereof show an increase, and that the general indices and criteria measuring factors of economic advancement do not indicate such growth at the present or in the immediate future as gives rise to the conclusion that allowing the applicant to engage in business will promote the convenience and advantage of the community in which the business of the applicant is to be conducted, and,

b. That the applicant's testimony and that of the witnesses on its behalf, and of the exhibits presented by the applicant deals largely with physical accessibility whereas the convenience and advantage pronounced by the pertinent statute includes not only accessibility but also the social dislocations engendered among small loan borrowers resulting from ex-

cessive competition among small loan lenders, wherein loans are made to borrowers who are unable to repay, and loans are made beyond the capacity of individual borrowers to repay, and abusive collection practices are indulged in by the small loan industry to the detriment of the community.

2. That allowing the applicant a second license to engage in the small loan business in a second office in the city of Roswell, pursuant to its application and amendment thereto, would not promote the convenience and advantage of the community in which the applicant proposes to operate a second license."

The facts found are amply supported by the evidence introduced before the commissioner and furnish a sufficient basis for denial of the license. S. I. C. Finance-Loans of Menaul, Inc. v. Upton, supra.

Appellee argues at length that the factors considered by appellant did not furnish any proper basis or criteria for a decision, particularly because in the previous two years there had been two new licenses issued. It argues that an increase in the number of loans from year to year indicates a continuing demand; that the same is true concerning proof as to an increased amount of money loaned and outstanding. Further, it is suggested that even though the ratio of population to licenses showed a decrease, two new licenses had been issued. Of course, the obvious answer is that Roswell had been a rapidly growing community but, by April, 1963, when the hearing was held on the appellee's application, the general economy was "leveling off" as detailed in finding 1(a); two holders of small loan licenses in Roswell were not operating on December 31, 1962; decreases in number of loans were shown by some licensees; there were more delinquencies than there had been previously, and, generally, the economic picture did not look bright. All of this being supported by the proof before the appellant, it is apparent to us that the trial court erred when it substituted its own views of the meaning of these facts and determined appellant's actions to have been arbitrary and capricious.

Appellee directs our attention to the recent case of Goldy v. Gerber, 151 Colo. 180, 377 P.2d 111, which it states is precisely in point. While not agreeing that the case is identical, we still would remark that, in our opinion, it is contra to those cases cited and relied on by us in S. I. C. Finance-Loans of Menaul, Inc. v. Upton, supra, and, we might add, is, in our view, not persuasive. We refuse to follow it.

The trial court's judgment is reversed, and the cause remanded with instructions to affirm the order of the commissioner.

It is so ordered.

CHAVEZ, and NOBLE, JJ., concur.